## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| EDWARD T.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 2996 |
| v. | ) | |
| | ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) | Maria Valdez |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Edward T.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 18] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I.   PROCEDURAL HISTORY

On January 11, 2017, Plaintiff filed a claim for SSI, alleging disability since November 3, 2016. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 9, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On March 28, 2019, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.   ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of January 11, 2017. At step two, the ALJ concluded that Plaintiff had the following severe impairments: bilateral osteoarthritis of the hips, status-post left hip arthroplasty; and degenerative disc disease of the cervical and lumbar spine. The ALJ concluded at

step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a Listing.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work with the following additional limitations: can lift and/or carry 20 pounds occasionally and 10 pounds frequently, with sitting for 6 hours and standing/walking for 6 hours and pushing/pulling as much as lifting and carrying; limited to work that allows him to shift position for 1-2 minutes every 30 minutes while remaining on task; can never climb ladders, ropes, and scaffolds, kneel, or crawl; can occasionally climb ramps and stairs, stoop, and crouch; and can have occasional exposure to hazards and vibration.

At step four, the ALJ concluded that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I.    ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his

conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred by failing to explain the basis for the sitting and standing limitations; (2) the ALJ erred by not explaining her analysis of Plaintiff's handling limitations; and (3) the ALJ erred by failing to analyze Plaintiff's impairments in combination.

Pertinent to Plaintiff's second argument, the ALJ noted Plaintiff's allegations that he suffered from "hand cramping" and "nerve damage in the hands" that caused him to "constantly drop[] things." (R. 17.) The ALJ also noted consultive

examiner Dr. Dante Pimentel's opinion (which the ALJ afforded partial weight) that "[t]he claimant's ability to lift, carry, and handle objects is impaired due to disk displacement and left leg pain." (*Id.* at 19.) Dr. Pimentel additionally found that Plaintiff had a "HISTORY OF NEUROPATHY IN BILATERAL HANDS, WITH CRAMPING" and had at least mild difficulty in both hands with opening doors, squeezing, picking up coins, picking up and holding cups, picking up pens, buttoning, zipping, and tying shoelaces. (*Id.* at 382, 386.) The record also reflects Plaintiff's reports that he had "spasm[s] in the muscles and difficulty in moving hand for over 15 minutes before he can get moving." (*Id.* at 365.) Despite this evidence and the consultive examiner's opinion, the ALJ concluded that Plaintiff retained the residual functional capacity to perform jobs as an Assembler, Hand Packer, and Sorter. (*Id.* at 21.)

The Court concludes that the ALJ did not build the requisite accurate and logical bridge from the evidence to her conclusion that Plaintiff had the residual functional capacity to perform jobs requiring considerable manipulative abilities. The ALJ noted Dr. Pimentel's conclusion that Plaintiff was impaired in handling objects, but did not explain in particular whether and why she accepted or rejected that opinion. Similarly, the ALJ noted Plaintiff's complaints of hand cramping and spasms, but did not explain in particular whether those allegations lacked credibility. In light of the ALJ's lack of any explanation on those topics, the Court finds that the ALJ's determinations are not predicated on substantial evidence and remand is required. *See Esin A. v. Berryhill*, No. 18 C 1148, 2019 U.S. Dist. LEXIS

12724, at *12 (N.D. Ill. Jan. 28, 2019) ("[T]he ALJ did not build the requisite 'accurate and logical bridge' to support the RFC's handling and fingering restrictions.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's sitting and standing restrictions are properly assessed and Plaintiff's impairments are appropriately analyzed in combination.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 18] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                  **ENTERED:**

**DATE:      November 30, 2021**                 _____
                                                 **HON. MARIA VALDEZ**
                                                 **United States Magistrate Judge**